# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 05-26649 |
| WEBSTER SHEET METAL | ) | |
| FABRICATORS, INC. | ) | Hon. Carol A. Doyle, Presiding |
| | ) | |
| Debtor. | ) | **Hearing Date: September 1, 2011** |
| | ) | **Hearing Time: 10:00 a.m.** |

## NOTICE OF FINAL APPLICATION OF KEN NOVAK & ASSOCIATES, INC., FOR APPROVAL OF INTERIM PAYMENTS AND FOR ALLOWANCE OF ADMINISTRATIVE CLAIM FOR COMPENSATION AND <u>REIMBURSEMENT OF EXPENSES</u>

PLEASE TAKE NOTICE that on Thursday, September 1, 2011 at 10:00 a.m., or as soon thereafter as counsel may be heard, we shall appear before the Honorable Carol A. Doyle in Courtroom 742, in the United States Bankruptcy Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, and present the **Final Application of Ken Novak & Associates, Inc., for Approval of Interim Payments and for Allowance of Administrative Claim for Compensation and Reimbursement of Expenses**, at which time and place you may appear as you see fit.

Dated: August 11, 2011    *N. Neville Reid, as Chapter 7 Trustee for the Bankruptcy Estate of Webster Sheet Metal Fabricators, Inc.*

By:    /s/ Elizabeth Peterson
       Fox, Hefter, Swibel, Levin & Carroll, LLP,
       General Bankruptcy Counsel to the Trustee

N. Neville Reid (ARDC #6195837)
Ryan T. Schultz (ARDC #6288585)
Elizabeth Peterson (ARDC #6294546)
**FOX, HEFTER, SWIBEL, LEVIN & CARROLL, LLP**
200 West Madison Street, Suite 3000
Chicago, IL 60606
Ph: 312.224.1200
Fx: 312.224.1201

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 05-26649 |
| WEBSTER SHEET METAL | ) | |
| FABRICATORS, INC., | ) | Hon. Carol A. Doyle |
| | ) | |
| Debtor. | ) | **Hearing Date: September 1, 2011** |
| | ) | **Hearing Time: 10:00 a.m.** |

**FINAL APPLICATION OF KEN NOVAK & ASSOCIATES, INC., FOR APPROVAL OF INTERIM PAYMENTS AND FOR ALLOWANCE OF ADMINISTRATIVE CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Ken Novak & Associates, Inc. ("KNA"), collection agent and liquidation consultant to N. Neville Reid, not individually, but solely in his capacity as the chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Webster Sheet Metal Fabricators, Inc. (the "Debtor"), by and through counsel for the Trustee, files this application ("Application") for approval of the Interim Payments (defined below) and for allowance and final payment of an administrative claim in the amount of $3,422.09, consisting of $3,390.00 in fees and $32.09 in expenses, for the period of November 1, 2008 through August 2, 2011 (the "Application Period"). In support of this Application, KNA states the following:

**INTRODUCTION**

1. This Court has jurisdiction over the Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The bases for the requested relief are Sections 328, and 330 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 5082-1 of the Local Rules of the United States

Bankruptcy Court for the Northern District of Illinois (the "Local Rules").

## BACKGROUND

3. On July 5, 2005 (the "Petition Date"), the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "Court"). On October 4, 2005, the Bankruptcy Court converted this proceeding to Chapter 7 of the Bankruptcy Code. Shortly thereafter, the United States Trustee for the Northern District of Illinois appointed N. Neville Reid as chapter 7 trustee.

4. On November 8, 2005, the Court entered a final order granting the Trustee's application to retain KNA as collection agent and liquidation consultant, retroactive to October 6, 2005. [Dkt. 86.]

5. On December 9, 2005, the Trustee filed an Application for Order Authorizing the Trustee to Make Monthly Interim Payments to Ken Novak & Associates, Inc. (the "Interim Payment Motion") [Dkt. 106.] The Court entered the Order Authorizing the Trustee to Make Monthly Interim Payments to Ken Novak & Associates, Inc. (the "Interim Payment Order") on December 13, 2005. [Dkt. 107.] A true and correct copy of the Interim Payment Order is attached hereto as Exhibit A.

6. The Interim Payment Order authorized the Trustee "to make monthly interim payments to Novak for services rendered and expenses incurred on behalf of the Debtor's estate in accordance with the procedures set forth in the Motion." [Ex. A ¶ 2.] The Interim Payment Order states that "[a]ll interim payments made to Novak pursuant to this Order shall be subject to final review pending the Court's approval of a final fee application[.]" [Ex. A ¶ 3.]

7. The Trustee paid KNA $149,125.77 between January 10, 2006 and December 3, 2008, for fees and expenses incurred between October 6, 2005 and October 31, 2008 (the

"Interim Payments").

## REQUESTED RELIEF

8. KNA files this Application for approval of the Interim Payments and to be allowed an administrative claim for its unpaid fees and expenses for work performed on behalf of the Trustee during the Application Period.

9. A summary of the Interim Payments and related KNA invoices is attached hereto as Exhibit B.[1]

10. Attached as Exhibit C to this Application are the detailed billing records of KNA.

11. Attached as Exhibit D to this Application is a summary of out-of-pocket expenses incurred by KNA.

## INTERIM PAYMENTS

12. The Trustee paid KNA $149,125.77 between January 10, 2006 and December 3, 2008, for fees and expenses incurred between October 6, 2005 and October 31, 2008.

13. Prior to issuing any of the Interim Payments, the Trustee forwarded copies of each of KNA's invoices to the U.S. Trustee and counsel for First Midwest Bank (the "Bank"), and the U.S. Trustee and Bank each had the opportunity to object to the payment of any such invoices, as set forth in the Interim Payment Motion. No unresolved objections were noted.

14. The Interim Payments compensated KNA, *inter alia*, for the following services that KNA performed on the behalf of the Trustee:

    A. Investigating the Debtor's financial records and all aspects of its financial affairs;

---

[1] The KNA invoices that formed the basis of the Interim Payments are available upon request. *See also* Trustee's Individual Estate Property Record and Report Asset Cases (June 27, 2011) [Dkt. 240].

3

    B.    Analyzing and recovering the Debtor's accounts receivables and cash receipts;

    C.    Identifying and analyzing transfers made during the preference period;

    D.    Assisting with the liquidation of the Debtor's inventory and equipment;

    E.    Assisting with identifying, locating, and recovering assets that were not listed on the Debtor's bankruptcy petition;

    F.    Researching workers' compensation claims;

    G.    Maintaining the Debtor's records and monitoring the Debtor's mail;

    H.    Overseeing the Debtor's day-to-day activities during the liquidation of the Debtor's Estate; and

    I.    Apprising the Trustee of all developments throughout the administration of the Estate.

**PROFESSIONAL SERVICES RENDERED DURING THE APPLICATION PERIOD**

15. During the Application Period, KNA has performed the following services on behalf of the Trustee:

    A.    Worked on antitrust litigation and response to Zurich settlement claim;

    B.    Participated in conference calls with the Trustee and Aaron Smith regarding the Debtor's cash receipts, jobs worked on, and related accounts;

    C.    Performed various administrative tasks at the Trustee's request;

    D.    Searched for sales contracts related to the Debtor's cash receipts and accounts receivable;

    E.    Coordinated move of Debtor's files and computers from KNA's office to

        Access Information Management.

F.    Updated records storage;

G.    Worked on records storage billing matter, as requested by Trustee's office;

H.    Searched for accounts receivable beginning April 5, 2005, regarding an Illinois department of Employment Security lien; and

I.    Obtained quotes for potential document destruction at the conclusion of this case.

16.    Additionally, Ken Novak, the president of KNA, estimates that he will spend four hours, billed at $150.00 per hour, working with a records storage company and a documents destruction company to facilitate the destruction of the Debtors' documents and computers.

## **APPROPRIATENESS OF FEES**

17.    The total amount of fees for professional services performed during the Application Period sought by KNA in this Application is $3,390.00.

18.    The professional services provided by KNA to the Trustee during the Application Period were necessary and appropriate to assist the Trustee with the administration of the Debtor's case, and were in the best interests of the Estate. Compensation for the services provided by KNA is commensurate with the complexity, importance, and nature of the problems, issues and tasks involved. KNA undertook all reasonable efforts to ensure that the services it provided were performed in an efficient manner, without duplication of effort.

19.    KNA's fees are recorded in a computerized time record system, from which the bills attached to this Application were generated. KNA has reviewed the bills to ensure their accuracy.

20.    KNA's billing rates for the matters set forth in this Application are consistent with

reasonable and customary rates among collection agents and liquidation consultants for the work performed.

21.  KNA's requested fees and costs are awardable pursuant to Section 330 of the Bankruptcy Code as reasonable and necessary expenses incurred for the administration of the Estate.

### KNA EXPENSE POLICIES

22.  KNA charges clients for actual out-of-pocket expenses it incurs on their behalf such as travel, postage, copying costs, outside vendor costs, and court fees.

23.  The expenses sought by KNA in this Application relate to photocopies ($24.10) and postage ($7.99). These expenses were necessary and benefited the Estate. The total amount of out-of-pocket expenses for which KNA seeks reimbursement is $32.09.

### NOTICE

24.  Pursuant to Bankruptcy Rule 2002(a), notice of this Application will be given to: (a) the Debtor; (b) the Debtor's counsel; (c) the United States Trustee for the Northern District of Illinois; (d) all creditors; and (e) all other parties set up to receive notice through the Court's ECF filing system. In light of the nature of the relief requested, KNA submits that no further notice is required.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

WHEREFORE, KNA requests entry of an order approving the Interim Payments; allowing it an administrative claim in the amount of $3,422.09, consisting of $3,390.00 in fees and $32.09 in expenses, and allowing the Trustee to pay the same; and granting such other and further relief as this Court deems just.

Dated: August 11, 2011                             Respectfully submitted,

                                                **KEN NOVAK & ASSOCIATES, INC.**

                                                *By:*   */s/ Elizabeth Peterson*
                                                     One of its Attorneys, General Bankruptcy Counsel to N. Neville Reid, the Chapter 7 Trustee

N. Neville Reid (ARDC #6195837)
Ryan T. Schultz (ARDC #6288585)
Elizabeth Peterson (ARDC #6294546)
**FOX, HEFTER, SWIBEL, LEVIN & CARROLL, LLP**
200 West Madison Street, Suite 3000
Chicago, IL  60606
Ph:  312.224.1200
Fx:  312.224.1201