

**OFFICE OF THE CHIEF COUNSEL**

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
OFFICE OF DIVISION COUNSEL
SMALL BUSINESS/SELF-EMPLOYED
200 WEST ADAMS STREET
SUITE 2300
CHICAGO, ILLINOIS 60606
(312) 368-8228
FAX: (312) 368-8710

December 6, 2011

CC:SB:4:CHI:2:JSHitt
GL-149180-11

<u>Via Facsimile (312) 224-1202</u>

N. Neville Reid
Fox, Hefter, Swibel, Levin & Carroll, LLP
200 W. Madison Street, Suite 3000
Chicago, Illinois 60606

    Reference:    In re Webster Sheet Metal Fabricators
                       Case no. 05-bk-26649 ND ILL ED

Dear Mr. Reid:

    This letter pertains to above referenced bankruptcy proceedings. As you aware, I am the attorney currently assigned to represent the United States Internal Revenue Service (the "Service") in this proceeding. Specifically, this letter pertains to the enclosed written request of the Sheet Metal Workers National Pension Fund (the "Fund") to exercise its right pursuant to section 724(b) to step into the shoes of the Service's secured claim in the amount totaling $39,746.71.

    In a Chapter 7 proceeding, if a claim for taxes is secured by a Notice of Federal Tax Lien that has been filed prior to the bankruptcy, it cannot be avoided by the trustee. However, section 724(b) subordinates secured tax claims to section 507(a)(1)-(7) administrative and priority claims. As is relevant herein, property or the proceeds of property which are subject to valid tax liens are distributed pursuant to section 724(b) in the following manner:

    1. First, lien claims which are senior to the tax lien. Section 724(b)(1).

    2. Second, section 507(a)(1)-(7) priority claims to the extent of the amount of the tax lien. In other words, the priority claimants step into the shoes of the tax collector. Section 724(b)(2).

GL-149180-11                                        2

    3. Third, secured tax claimant to the extent that the amount of the secured tax claim exceeds the amount distributed to section 507(a)(1)-(7) priority claims. Section 724(b)(3).

    The Fund filed its Proof of Claim (Claim no. 61) asserting priority claims under section 507(a)(4) in the amount totaling $48,416.89. Per the enclosed letter, the Fund subsequently determined that its original priority claim should be reduced to $39,746.71. The Fund further asserts that this reduced amount remains unpaid.

    We agree that the Fund has a priority claim under section 507(a)(4) in these Chapter 7 proceedings in the amount totaling $39,746.71. Thus, assuming your records support the Fund's assertion that this balance remains unpaid, we have no defense to the Fund stepping into our shoes under section 724(b).

    Accordingly, if you determine that the Fund's priority claim remains unpaid, the claims in this proceeding should by paid in accordance with section 724(b) as follows: (1) First Midwest Bank in the amount totaling $21,650.53; (2) the Fund in the amount totaling $39,746.71; and (3) the Service in the amount totaling $38,253.29.

    Finally, we would note that per your Final Report and Applications for Compensation, the Sheet Metal Worker's Local #73 is also asserting a priority claim (Claim no. 92B). We have not been contacted by this creditor with respect to its intention to utilize section 724(b). In this regard, we are assuming that this creditor has either been paid or does not wish to assert its rights under this code section.

GL-149180-11                                                3

    If you have any questions or concerns, please contact me (312) 368-8251. Additionally, please provide our Office with a copy of your amended Final Report.

        Sincerely,

        MAYER Y. SILBER
        Associate Area Counsel
        (Small Business/Self-Employed)

By: _____
    J. Spencer Hitt
    Special Assistant United States Attorney
    Kentucky State Bar No. 93145

Enclosure (1)
    Letter from Dawn Costas dated December 5, 2011

cc:    Dawn M. Costas, Esquire via Facsimile (215) 922-3524
        Attorney for Sheet Metal Workers National Pension Fund



**JENNINGS SIGMOND**
ATTORNEYS AT LAW

**Dawn M. Costa, Esquire**
Direct Dial: (215) 351-0616
E-Mail Address: dcosta@jslex.com

*Admitted to NJ and PA Bars*

JENNINGS SIGMOND, P.C.
THE PENN MUTUAL TOWERS
16TH FLOOR
510 WALNUT STREET
INDEPENDENCE SQUARE
PHILADELPHIA, PA 19106-3683
215-922-6700
FAX 215-922-3524

December 5, 2011

OFFICE OF DIVISION COUNSEL
(SMALL BUSINESS/SELF-EMPLOYED)
ATTN: J. Spencer Hitt
200 West Adams Street
Suite 2300
Chicago, Illinois 60606

Via Fax (312) 368-8710
and 1st Class Mail

Re:   Webster Sheet Metal (Bankruptcy Case No. 05-26649)

Dear Mr. Hitt,

In confirmation of our telephone conversation and pursuant to your request, the Sheet Metal Workers National Pension Fund ("Fund"), upon the Fund's review of the Trustee's Report and Proposed Distribution discovered that the proposed distribution does not comply with 11 U.S.C § 724(b), which states:

> (b)   Property in which the estate has an interest and that is subject to a lien that is not avoidable under this title ... and that secures an allowed claim for a tax, or proceeds of such property, shall be distributed—
> (1)   first, to any holder of an allowed claim secured by a lien on such property that is not avoidable under this title and that is senior to such tax lien;
> (2)   second, to any holder of a claim of a kind specified in section 507(a)(1)(C) or 507(a)(2) ... 507(a)(1)(A), 507(a)(1)(B), 507(a)(3), 507(a)(4), 507(a)(5), 507(a)(6), or 507(a)(7) of this title, to the extent of the amount of such allowed tax claim that is secured by such tax lien;
> (3)   third, to the holder of such tax lien, to any extent that such holder's allowed tax claim that is secured by such tax lien exceeds any amount distributed under paragraph (2) of this subsection...

It is the Fund's intention to exercise its rights under Section 724 to step into the shoes of the tax lien claim. As we discussed, the total amount of the Fund's claim is $59,586.04, and the **priority portion of the claim is $39,746.71**. No part of this claim has been paid.

380867_1.DOC

**WEBSTER (05-26649)**
December 5, 2011
Page 2

    If you have any questions, please feel free to contact me at the telephone number listed above. Best regards.

Very truly yours,

DAWN M. COSTA

DMC/
Enclosure

cc:    K. Colombo
       J. Jones



OFFICE OF THE CHIEF COUNSEL

**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
OFFICE OF DIVISION COUNSEL
SMALL BUSINESS/SELF-EMPLOYED
200 WEST ADAMS STREET
SUITE 2300
CHICAGO, ILLINOIS 60606
(312) 368-8228
FAX: (312) 368-8710

December 16, 2011

CC:SB:4:CHI:2:JSHitt
GL-149180-11

<u>Via Facsimile (312) 224-1202</u>

N. Neville Reid
Fox, Hefter, Swibel, Levin & Carroll, LLP
200 W. Madison Street, Suite 3000
Chicago, Illinois 60606

Reference:   In re Webster Sheet Metal Fabricators
             Case no. 05-bk-26649 ND ILL ED

Dear Mr. Reid:

This letter pertains to above referenced bankruptcy proceedings. As you aware, I am the attorney currently assigned to represent the United States Internal Revenue Service (the "Service") in this proceeding. Specifically, this letter pertains to the amended Proof of Claim (Claim No. 92-2) of the Sheet Metal Workers Local #73 Fringe Benefit Fund (the "Local #73") to exercise its right pursuant to section 724(b) to step into the shoes of the Service's secured claim in the amount totaling $27,581.62.

In a Chapter 7 proceeding, if a claim for taxes is secured by a Notice of Federal Tax Lien that has been filed prior to the bankruptcy, it cannot be avoided by the trustee. However, section 724(b) subordinates secured tax claims to section 507(a)(1)-(7) administrative and priority claims. As is relevant herein, property or the proceeds of property which are subject to valid tax liens are distributed pursuant to section 724(b) in the following manner:

  1. First, lien claims which are senior to the tax lien. Section 724(b)(1).

  2. Second, section 507(a)(1)-(7) priority claims to the extent of the amount of the tax lien. In other words, the priority claimants step into the shoes of the tax collector. Section 724(b)(2).

GL-149180-11                                          2

    3. Third, secured tax claimant to the extent that the amount of the secured tax claim exceeds the amount distributed to section 507(a)(1)-(7) priority claims. Section 724(b)(3).

    The Local #73 filed its Proof of Claim (Claim no. 92-1) asserting priority claims under section 507(a)(4) in the amount totaling $167,856.12. Per the amended Proof of Claim (Claim no. 92-2), the Local #73 subsequently determined that its original priority claim should be reduced to $27,581.62. The Local #73 further asserts that this reduced amount remains unpaid.

    Relying on the allegations set forth in Claim Nos. 92-1 and 92-2, we will not contest the priority status of Local #73's claim under section 507(a)(4) in these Chapter 7 proceedings in the amount totaling $27,581.62. Thus, assuming your records support the Local #73's assertion that this balance remains unpaid and the claim is entitled to priority status, we have no defense to the Local #73 stepping into our shoes under section 724(b).

    Accordingly, if you determine that the Local #73's priority claim remains unpaid and is entitled to priority status, the claims in this proceeding should by paid in accordance with section 724(b) as follows: (1) First Midwest Bank in the amount totaling $21,650.53; (2) the Sheet Metal Workers National Pension Fund and Local #73 in the amounts totaling $39,746.71 and $27,581.62, respectively; and (3) the Service in the amount totaling $10,671.67.

    If you have any questions or concerns, please contact me (312) 368-8251. Additionally, please provide our Office with a copy of your amended Final Report.

                                 Sincerely,

                                 MAYER Y. SILBER
                                 Associate Area Counsel
                                 (Small Business/Self-Employed)

                By: _____
                      J. Spencer Hitt
                      Special Assistant United States Attorney
                      Kentucky State Bar No. 93145